ARCOIL COMPANY OF MARYLAND, PLAINTIFF-APPELLEE,
v. JACOBSON MANUFACTURING COMPANY, DEFEND-
ANT-APPELLANT.

Submitted May term, 1929—Decided November 14, 1929.

Before Justices TRENCHARD, LLOYD and CASE.

For the plaintiff-appellee, *Pilgrim & Ritger.*

For the defendant-appellant, *Cohen & Klein.*

PER CURIAM.

This case comes up on appeal from the Essex County Cir-
cuit Court. Plaintiff sued the defendant for damages alleged
to have been caused by the alleged breach of a contract be-
tween the parties, which breach was followed by a notice of
termination given by the plaintiff to the defendant. Judg-
ment was given for the plaintiff and defendant appeals.

There was a contract dated October 7th, 1927, between the
defendant, as manufacturer, and the plaintiff, as distributor,
whereby the defendant gave to the plaintiff the exclusive
selling right on Arcoil Oil Burners in the city of Baltimore,
and Baltimore, Carol and Hartford counties, for a period
beginning September 29th, 1927, and ending September 30th,
1930. There were various undertakings by the parties.
Amongst other things the defendant undertook "to otherwise
assist the dealer in effectively promoting the sale of Arcoil

Oil Burners." On January 6th, 1928, the defendant published in certain newspapers, including the New York Times, an advertisement containing the words: "The Jacobson Manufacturing Co. has eliminated all the expensive cost— of distribution, and now offers the Arcoal Oil Burner at a price that is within the means of everyone. Formerly the dealer and distributor got a $250 profit; the salesman got a $100 profit; the financing charges were $75, and the cost of tank installation was at least $60 more. All these profits are now eliminated. When you buy an Arcoil Burner you pay for what you get * * * and not a lot of miscellaneous extras, or four middlemen, collecting a part of your money." The New York Times admittedly had a large general circulation and a circulation of one thousand five hundred in Baltimore city. On February 1st, 1928, the plaintiff gave to the defendant notice of termination of the contract. The contention of the plaintiff is that that advertisement was a direct interference by the defendant with the operations of the plaintiff under their mutual contract and was an outreaching by the defendant for the trade within plaintiff's territory, and that it had the effect—one specific instance being proven—of breaking up the plaintiff's proposed sales. Defendant contended that it was an advertisement merely intended for the trade of New York and vicinity.

Defendant's first point on appeal is that the advertisement did not constitute a breach of the contract and that defendant's motions for a nonsuit and a direction of verdict should consequently have been granted.

The contract provision was that the defendant would assist the dealer in effectively promoting the sale of Arcoil oil burners. We think that under the contract the defendant owed it to the plaintiff not to asume a belittling attitude before the public toward dealers, distributors and middlemen and that the advertisement in question might well be considered as ridiculing the middlemen and discouraging the purchasing public from doing business through him. The plaintiff was a middleman, so acting under contract with the defendant.

The defendant was under obligation not to interfere with or hinder the plaintiff in the latter's contractual functions. *Atlantic City* v. *Farmers, &c., Co., 96 N. J. L.* 504.

Defendant further argues that the plaintiff must not only prove repudiation of the contract but in addition that such repudiation was communicated to the plaintiff. The fallacy here is mainly in defendant's assumption of fact. Defendant inserted the offensive advertisement in the public press for no other purpose than to communicate the matter thereof to the readers of the papers. The plaintiff's president was a subscriber to the New York Times, received that issue and read the notice. It is difficult to understand how the court could, as a matter of law, determine that that was not a communication. *O'Neill* v. *Supreme Council American Legion of Honor, 70 N. J. L.* 410, although cited by defendant in support of its contention, seems to us to sustain the present finding. We consider that the case was properly sent to the jury.

There are ten other points raised and argued in appellant's brief. We have examined them in detail and do not find harmful error therein.

The judgment below should be affirmed.